IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TYRONE ELLIS,                                                                                          PLAINTIFF
ADC #149250

2:14CV00071-KGB-JJV

DANNY BURL, Warden, East
Arkansas Regional Unit; *et al*.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Tyrone Ellis ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this action *pro se,* pursuant to 42 U.S.C. § 1983, alleging that Defendants[1] violated his constitutional rights when temperatures in his cell dropped to forty degrees and he was not provided with a "suicide blanket." (Doc. No. 7 at 4.) Now, Defendants have filed a Motion for Summary Judgment (Doc. No. 133) seeking dismissal of all claims against them. Plaintiff has not responded to Defendants' Motion directly. Instead, he has filed his own Motion for Summary Judgment. (Doc. No. 146.)

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in

---

[1] Defendant Danny Burl was dismissed from this action. (Doc. No. 17.)

a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

Pursuant to their Motion, Defendants argue that: (1) Plaintiff's official capacity claims are barred by sovereign immunity; (2) Plaintiff failed to exhaust his administrative remedies against either Defendant; and (3) Defendants are entitled to qualified immunity. After careful review of the pleadings, the Court concludes that Defendants are entitled to summary judgment for the reasons stated below. Plaintiff's Motion for Summary Judgment should be denied.

#### A.   Official Capacity Claims

It is settled law that an official capacity claim for damages against a state or municipal actor is akin to a claim against the state or municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). It follows, then, that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Here, both of the relevant Defendants are undisputedly employees of the ADC and, therefore, protected.

Plaintiff's official capacity claims for injunctive relief should also be dismissed. Equitable

relief is available only where a claimant who has suffered previous injury can show that there is a real and immediate threat that he will be re-injured in a similar way. *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The alleged injury in this action occurred over a six day period spanning January 9 to 15, 2014. (Doc. No. 7 at 4.) Plaintiff has not argued or evidenced that he will be subjected to a similar injury in the imminent future.

Based on the foregoing, Plaintiff's official capacity claims should be dismissed.

**B.     Administrative Exhaustion**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id*.

Plaintiff's allegations are governed by ADC directive 12-16. (Doc. No. 135-6.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-11.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5.)

4

Defendants argue that Plaintiff exhausted only one grievance regarding the incidents which form the basis of this action. The affidavit of Terri Brown, ADC grievance coordinator, identifies that grievance as number EAM-14-00144. (Doc. No. 135-7 ¶ 4.) This grievance does not identify either Defendant Gay or Bishop by name. (Doc. No. 22 at 1.) Whether this failure mandates dismissal is a difficult question. Some Eighth Circuit panels have held that the failure to specifically name a Defendant in a grievance is not always fatal. *See Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. 2012) (unpublished opinion); *see also Parks v. Corizon, Inc.*, 511 Fed. Appx. 588, 588-589 (8th Cir. 2013) (unpublished opinion). Others have held that such a failure mandates dismissal. *See, e.g., Jones v. Hobbs*, Case No. 12-2002, 2013 U.S. App. LEXIS 2698, 1-2 (8th Cir. Ark. Jan. 22, 2013) (unpublished opinion). More recently, the Eighth Circuit found that a prisoner who failed to name a defendant had not exhausted, because his failure to do so deprived officials of an opportunity to review that defendant's conduct prior to litigation. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). The Court finds that the proper manner of reconciling the foregoing decisions is to examine (to the extent possible) which issues and claims reviewing officials *actually evaluated* at the administrative stage.

In the present case, the Court concludes that Plaintiff's claims against Defendants Bishop and Gay were exhausted. Although he failed to specifically identify either Defendant in his grievance, subsequent responses from reviewing officials explicitly mention both individuals and indicate an awareness of their relevant conduct. (Doc. No. 22 at 2-3.) Accordingly, the Court finds that ADC officials were afforded an opportunity to evaluate the actions of both Defendants and Plaintiff's immediate claims against them were exhausted.

### C. Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and

shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

A successful conditions of confinement claim requires that a claimant demonstrate that (1) the conditions of their confinement posed a substantial risk of serious harm and (2) that defendants were deliberately indifferent to that risk. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). Here, Plaintiff alleges that he was exposed to forty degree temperatures without a blanket. (Doc. No.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

7 at 4.)[3] Defendants have provided records, however, indicating that temperatures at the unit ranged from the mid sixties to the upper seventies during the relevant dates. (Doc. No. 135-5 at 4-9.) Plaintiff has failed to offer rebutting evidence. Even if such temperatures were uncomfortable without a blanket, there is no indication that they posed a danger to Plaintiff's health. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (Noting that "the Constitution does not mandate comfortable prisons . . ."). Accordingly, the Court concludes that both Defendants are entitled to qualified immunity on Plaintiff's claims against them.

In light of the foregoing, the Court finds it unnecessary to take up Defendants' argument that even forty degree temperatures would not have amounted to a constitutional violation. Suffice it to say, it would be a closer question.

### D. Plaintiff's Motion for Summary Judgment

In accordance with the foregoing, Plaintiff's Motion for Summary Judgment will be denied. He has restated his allegations, but offers no compelling evidence that he is entitled to summary judgment on any of his claims.

With regard to his cell temperature, Plaintiff states that he does not dispute the veracity of Defendants' records, but argues that they do not correlate with the readings he requested in discovery. (Doc. No. 147 at 3.) The discovery request he refers to demands that any readings be specific to his cell rather than the general area, and that the record reflect the exact time each measurement was taken. (Doc. No. 75.) The Court finds Plaintiff's argument unconvincing. He has not provided evidence which would indicate that his cell was substantially colder than the general area in which he was housed. Plaintiff has pointed to evidence that his cell was not air conditioned

---

[3]To the extent Plaintiff alleges that the failure to provide him with a blanket was a violation of ADC policy, that claim must fail. *See Gardner v. Howard*, 109 F.2d 427, 430 (8th Cir. 1997) (no section 1983 liability for violations of prison policy).

(Doc. No. 111), but this is not evidence that his cell was dangerously cold. Defendants' readings stand as a reasonable record of unit temperatures on the dates in question. That they are not as specific as Plaintiff would like is not sufficient reason to reject them.

### E. John Does 1-3

Although not part of Defendants' Motion for Summary Judgment, the Court will also recommend the dismissal of Defendants John Does 1-3. These unidentified Defendants were initially referenced in Plaintiff's initial Complaint. (Doc. No. 2 at 1-2.) They were not, however, part of Defendants' Amended Complaint (Doc. No. 7) and should be dismissed without prejudice on that basis. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (An amended complaint supercedes the original and renders it without legal effect.").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court shall alter the docket to reflect that Defendant Bishop is appropriately "Harry Bishop."

2. Defendants' Motion for Summary Judgment (Doc. No. 133) be GRANTED.

3. Plaintiff's claims against Defendants Harry Bishop and William Gay be DISMISSED with prejudice.

4. Plaintiff's Motion for Summary Judgment (Doc. No. 146) be DENIED.

5. Defendants John Does 1-3 be DISMISSED without prejudice due to Plaintiff's failure to state a viable claim against them.

6. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE